**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:__8/19/2019__ |

1979 FAMILY TRUST LICENSOR, LLC and
ROCKEFELLER & CO. LLC,

               *Plaintiffs,*

           v.

MEHAL J. DARJI aka MEHAL
ROCKEFELLER and ROCKEFELLER
MANAGEMENT CO.,

               *Defendants.*

1:19-cv-04389-VEC

~~[PROPOSED]~~
**DEFAULT JUDGMENT**

      This action having been commenced by Plaintiffs 1979 Family Trust Licensor, LLC (the

"Trust") and Rockefeller & Co. LLC ("Rockefeller & Co." and, together with the Trust,

"Plaintiffs") on May 14, 2019 by the filing of the Complaint charging Defendants Mehal J. Darji

("Darji") and Rockefeller Management Co. ("RMC" and, together with Darji, "Defendants")

with trademark infringement, unfair competition, dilution, and cybersquatting under the Lanham

Act, 15 U.S.C. §§ 1114(1), 1125(a), (c) and (d), and related claims under New York State

common law and N.Y. General Business Law § 360-1; and

      Defendants having been duly and properly served with a copy of the Summons and

Complaint pursuant to Fed. R. Civ. P. 4(h)(1)(A) and N.Y. C.P.L.R. § 306(b)(1) by Plaintiffs

personally delivering to them a copy of the Summons and Complaint on May 24, 2019; and

      Proof of such service having been filed on June 4, 2019; and

      Defendants having not answered the Complaint, and the time for answering the

Complaint having expired;

      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.      The Court has jurisdiction over the subject matter of this action pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121, and under §§ 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b).  The Court has supplemental jurisdiction over the state law claims in this matter under § 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

2.      This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants regularly do and solicit business within this State.

3.      Venue is proper in this District pursuant to §§ 1391(b) and (d) of the Judicial Code, 28 U.S.C. §§ 1391(b) and (d).

4.      The Trust is the owner of the ROCKEFELLER trademark in connection with a wide range of financial and accounting services and is the owner of U.S. Trademark Registration No. 3,809,398 for ROCKEFELLER for use in connection with financial and accounting services. Rockefeller & Co. is the Trust's exclusive licensee for such mark operates an investment management and wealth advisory firm thereunder, including under the name Rockefeller Capital Management.

5.      Based on the facts alleged in the Complaint, Defendant Darji has knowingly, and without authorization from Plaintiffs, adopted the surname Rockefeller and is operating Defendant RMC under the trade names ROCKEFELLER MANAGAMENT CO., and ROCKEFELLER CAPITAL MANAGEMENT in connection with a financial services business and has registered and used the domain name *rockjefellermanagement.com* in connection with their financial services business.

6.      Defendants' conduct constitutes trademark infringement, unfair competition, dilution, and cybersquatting under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), (c) and (d),

trademark infringement and unfair competition under New York State common law, and dilution under N.Y. General Business Law § 360-1.

7.      Plaintiffs are and will continue to be irreparably harmed absent the Court entering this Order.

8.      Judgment is entered for Plaintiffs and against Defendants on Plaintiffs' claims for trademark infringement under 15 U.S.C. § 1114(1), unfair competition under 15 U.S.C. § 1125(a), dilution under 15 U.S.C. § 1125(c)(1), cybersquatting under 15 U.S.C. § 1125(d), trademark infringement and unfair competition under New York State common law, and dilution under N.Y. General Business Law § 360-1.

9.      Defendants, and any of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by Defendants, are hereby jointly and severally permanently enjoined and forever restrained from:

(a)      imitating, copying or making unauthorized use of the mark ROCKEFELLER, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the ROCKEFELLER mark, including but not limited to the surname Rockefeller, ROCKEFELLER MANAGEMENT CO., ROCKEFELLER CAPITAL MANAGEMENT (any such mark, a "Prohibited Mark"), in or as part of any surname, corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any goods, businesses or services offered by Defendants or the advertising or promotion thereof;

(b)      using a Prohibited Mark to refer to or describe any products, goods or services offered by or on behalf of Defendants or any individual, entity or other third party affiliated with Defendants;

(c)      using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by Defendants;

(d)      applying to register or registering in the United States Patent and Trademark Office, or in any state or other government trademark registry, any Prohibited Mark, including the ROCKEFELLER MANAGEMENT CO. and ROCKEFELLER CAPITAL MANAGEMENT marks;

(e)      using a Prohibited Mark in connection with the promotion, advertisement, sale, offering for sale or the provision of any goods or services;

(f)      engaging in any other activity constituting unfair competition with Plaintiffs or constituting an infringement of the ROCKEFELLER mark;

(g)      diluting or tarnishing any of the ROCKEFELLER mark; or

(h)      instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

10.    Defendants are hereby ordered to take steps necessary to immediately dissolve RCM.

11.    Defendants are hereby ordered to transfer to Plaintiffs' designee the domain name *rockefellermanagement.com* and any other domain name they own that incorporates the term ROCKEFELLER or any colorable imitation thereof (*e.g.*, ROCKFELLER).

12.    Defendants shall file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of this Default Judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the requirements of paragraphs 9 through 11 above.

New York, New York
—————— August 19 , 2019

| The Clerk of Court is respectfully directed to terminate all open motions and to CLOSE the case. |
| --- |
| *Valerie Caproni* (signature) |
| Hon. Valerie E. Caproni, U.S.D.J. |
| 8/19/2019 |