```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
1979 FAMILY TRUST LICENSOR, LLC
and ROCKEFELLER & CO. LLC,

                                    Plaintiffs,

                         -against-

MEHAL J. DARJI aka MEHAL
ROCKEFELLER and ROCKEFELLER
MANAGEMENT CO.,

                                   Defendants.
-------------------------------------------------------------- X

19-CV-4389 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

On May 14, 2019, Plaintiffs sued Defendants for trademark infringement, unfair competition, dilution, and cybersquatting under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), (c), and (d), and related New York state law claims based on Defendants' use of the Rockefeller name. *See* Compl., Dkt. 1. On August 19, 2019, after Defendants failed to answer or otherwise respond to the Complaint, the Court granted Plaintiffs' motion for default judgment. *See* Dkt. 22. On April 5, 2023, Mr. Darji moved to vacate the default judgment.[1] Dkt. 62. For the following reasons, the motion to vacate is DENIED.

## BACKGROUND

Plaintiffs are organizations related to the Rockefeller family; Rockefeller & Co. LLC, the successor to the Rockefeller family office, is an investment management and wealth advisory firm, as well as the exclusive licensee of the Rockefeller trademark owned by 1979 Family Trust

---

[1] The Court construes Mr. Darji's motion as a *pro se* filing on behalf of Mr. Darji only. *See* Dkt. 64. Per the Court's April 6, 2023 order, the corporate defendant in this case, Rockefeller Management Co., cannot appear in federal court without a licensed attorney. *See id.* The Court gave Defendants until May 5, 2023, to obtain counsel for the corporate defendant, but no appearance has been filed, and Mr. Darji has not otherwise responded to the Court's order. Accordingly, the motion to vacate is stricken to the extent it seeks relief on behalf of Defendant Rockefeller Management Co.

Licensor, LLC. *See* Compl. ¶ 1. Plaintiffs alleged that Defendant Mehal J. Darji, who has no connection to the Rockefeller family, adopted the last name Rockefeller as his own and formed a corporation, Rockefeller Management Co., without Plaintiffs' authorization or permission. *Id.*

After Defendants failed to appear, the Court entered default judgment against Defendants. *See* Dkt. 22. The judgment, among other things, permanently enjoined Defendants from using the Rockefeller mark in connection with any business offered by Defendants and from using the Rockefeller mark in or as part of any domain name in connection with any website owned or controlled by Defendants. *Id*. Defendants failed to comply with the default judgment, and, on September 14 and September 30, 2020, the Court granted Plaintiffs' motion for contempt and imposition of sanctions. *See* Dkts. 31, 35. On March 30, 2021, Plaintiffs filed a second motion for contempt seeking an order of incarceration against Defendants. *See* Dkts. 36–38. On April 20, 2021, the Court ordered Defendants to appear for a hearing on May 4, 2021, Dkt. 40; when Defendants did not appear, the Court again ordered Defendants to appear on May 25, 2021, and warned that Mr. Darij's failure to appear may result in a warrant being issued for his arrest, Dkt. 43. When Defendants again failed to appear or otherwise respond, the Court issued an arrest warrant for Mr. Darji. *See* Dkt. 49. The Court dismissed the arrest warrant on June 3, 2021, however, after learning that Mr. Darji had been incarcerated since March 23, 2021 at Salem County Jail for an unrelated matter. *See* Dkt. 50. The Court denied Plaintiffs' contempt motion without prejudice to renew after Mr. Darji's release. *See* Dkt. 51.

On April 4, 2023, Plaintiffs renewed their motion for contempt after Defendants allegedly resumed their trademark infringement activity. *See* Dkts. 52, 57–59. On April 5, 2023, Defendant Darji moved *pro se* for the Court to vacate the August 19, 2019 default judgment. *See* Dkts. 61–62. Plaintiffs oppose the motion. Dkt. 66.

## DISCUSSION

A motion to vacate a default judgment is within the sound discretion of the district judge. *United States v. Erdoss*, 440 F.2d 1221, 1222 (2d Cir. 1971); *Standard Newspapers, Inc. v. King*, 375 F.2d 115, 116 (2d Cir. 1967). Default judgments are typically viewed as a "severe sanction." *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Because of the strong preference to resolve matters on the merits, when ruling on a motion to vacate a default judgment, the Court must resolve all doubts in favor of the moving party. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

A court may relieve a party from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or applying it prospectively would no longer be equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1); *see also State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004). A motion under Rule 60(b), however, must be made within a reasonable time, and, for the first three reasons enumerated above (i.e., mistake, newly discovered evidence, and fraud), no more than one year after entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1). The Second Circuit has enumerated three factors the Court should consider in deciding whether to grant a motion to vacate a default judgment pursuant to Rule 60(b): "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *State St. Bank & Tr. Co.*, 374 F.3d at 166–67 (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).

3

As an initial matter, the Court finds that Mr. Darji's motion does not timely raise any of the grounds enumerated in Rule 60(b).  Mr. Darji did not file his motion to vacate until April 5, 2023 — nearly four years after the Court's August 19, 2019 entry of default judgment against him.  *See* Dkts. 22, 62.  Mr. Darji's tardiness alone merits denial of his motion to vacate.  *See, e.g.*, *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("This limitations period is 'absolute.'").  But even if the motion had been timely brought, Mr. Darji has failed to establish that any of the discretionary factors merit a vacatur.

Willfulness may be found where conduct is "egregious and . . . not satisfactorily explained."  *Green*, 420 F.3d at 108 (citation omitted).  "Courts have held the default to be willful when a defendant simply ignores a complaint without action."  *Brown v. DeFilippis*, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988) (citing *Marziliano v. Heckler*, 728 F.2d 151 (2d Cir. 1984)).  Although *pro se* parties "should be given some leeway in meeting procedural rules due to their lack of legal knowledge," a reasonable lay person should appreciate "that some sort of response to the summons and complaint [is] necessary."  *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 454 (S.D.N.Y. 2007) (internal citation omitted).

Plaintiffs personally served Defendants with the Summons and Complaint on May 24, 2019.  *See* Dkts. 8–9.  The certificate of service indicates that Mr. Darji himself accepted service at 32 Santalina Drive, Sicklerville, New Jersey 08081.[2]  *See id.*; Pl. Opp. at 2.  After nearly three months had elapsed without a response, Plaintiffs personally served Defendants with a motion for default judgment on July 20, 2019, at the same New Jersey address.  *See* Dkts. 19–20.  Mr. Darji again accepted service.  *Id.*  Mr. Darji was also served with the default judgment paperwork via First Class Mail and at his then-known email address.  Dkt. 19 at 1; Pl. Opp. at 2.

---

[2] Lest there be any doubt as to whether Mr. Darji was served at the correct address, the Notice accompanying Mr. Darji's Motion to Vacate lists the same New Jersey address of 32 Santalina Dr.  *See* Def. Mem. at 1.

The default judgment paperwork included an Order to Show Cause with a hearing scheduled for August 2, 2019.  *See* Dkt. 15.  Defendants did not respond or appear at the hearing, and, on August 19, 2019, the Court entered default judgment in favor of Plaintiffs on all claims.  *See* Dkt. 22; Pl. Opp. at 3.

Mr. Darji claims that he was never served with the Summons and Complaint and that he never received a copy of the judgment because he was residing in Florida at the time.  Def. Mem. at 2.  Those assertions are plainly belied by the record, which demonstrates not only that Mr. Darji personally accepted service twice at his New Jersey address, but also that he received a copy of the default judgment by email, which apparently prompted him to craft a repulsive and derogatory message in response.[3]  *See* Dkt. 59-20 at 2.  Beyond the conclusory assertion that he "has at all times tried his best to defend his case and preserve his rights," Def. Mem. at 3, Mr. Darji's motion to vacate lacks any support for the notion that his failure to respond was anything other than willful.

The remaining factors likewise weigh against vacatur.  Beyond submitting copies of legal documents that purport to demonstrate that Mr. Darji legally changed his name to Mehal Darji Rockefeller, *see* Def. Mem. at 4–6, Mr. Darji has failed to demonstrate any meritorious defense for infringing and diluting the Rockefeller trademark.[4]  Given Mr. Darji's continued representation that he is a rightful heir to the Rockefeller trademark, *see* Def. Reply, Dkt. 68,

---

[3]  The Court will not repeat the despicable language used in the email but notes that Mr. Darji has not denied sending the email nor disclaimed any association with the named sender or the email account from which it originated.

[4]  Mr. Darji also submitted a short reply in which he "denies all allegations."  Def. Reply at 1, Dkt. 68.  He also asserts, *inter alia*, that David Rockefeller, Sr. "left a new will and testament" that "intentionally excluded his children," that "directed his residuary estate be distributed to Mehal Rockefeller, Sicklerville, NJ," and that David Rockefeller "assigned and transferred the Rockefeller trademark to Defendant Mehal Rockefeller on March 4, 2017."  *Id.* at 1–2.  The reply purports to attached the new will and the assignment of the trademark as appendices, but it has no appendices.

granting the motion to vacate would prejudice Plaintiffs that have diligently sought to protect their trademark rights.

## CONCLUSION

For the foregoing reasons, Mr. Darji's motion to vacate the Court's August 19, 2019 entry of default judgment against him is DENIED.  The Court, however, grants Mr. Darji and Rockefeller Management Co. another opportunity to oppose Plaintiffs' pending motion for contempt.[5]  Accordingly, Defendants' opposition is due no later than **June 2, 2023**. Plaintiffs' reply, if any, shall be due **June 9, 2023**.  The Clerk of Court is respectfully directed to close the open motion at docket entry 62.

**SO ORDERED.**

**Date:  May 12, 2023**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

---

[5]    The Court reminds Mr. Darji that Rockefeller Management Co. can appear only through a licensed attorney.  If it wishes to oppose the motion for contempt, it must be represented by a licensed attorney.